IN THE UNITED STATES DISTICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                        **CRIMINAL NO. 1:23-cr-104-TBM**

**JUSTIN GREGORY JUBERT**

### ORDER GRANTING STAY

This cause comes before the Court on the Emergency Motion [2] for review of release order pursuant to 18 U.S.C. § 3145(a)(1) filed by the United States of America for revocation of a release ruling on a $20,000 unsecured bond and conditions of release, such as electronic monitoring and no contact with the victim, issued by United States Magistrate Judge Carol B. Whitehurst in the Western District of Louisiana on September 7, 2023. The Government specifically requests that this Court enter an order staying Magistrate Judge Whitehurst's ruling until the Court can hold a detention hearing. The Court finds that the Government's Motion is well taken and should be granted.

### I. BACKGROUND AND PROCEDURAL HISTORY

On August 28, 2023, a criminal complaint was filed against Justin Jubert for stalking with the intent to kill, injure, harass, or intimidate a person, using any interactive computer service or electronic communication service or electronic communication system of interstate commerce, attempted to cause, or would be reasonably expected to cause, substantial emotional distress to a person, in violation of Title 18, United States Code, Section 2261A(2)(B). The complaint alleges that between May and August of this year, Jubert created numerous Facebook accounts in an attempt to harass or intimidate the victim in this case, M.R. For example, on August 23, 2023, the

Facebook user account titled with the name of the victim posted an image of the victim, the victim's wife, and their two children with a caption which read "Now I have a pic of the family, PERFECT…tonight I was really thinking of taking up serial killing as a hobby, hope I keep taking my Bipolar 1 meds."

Jubert was arrested in Lafayette, Louisiana on September 6, 2023, and was brought before a Magistrate Judge in the Western District of Louisiana for an initial appearance in cause number 6:23-mj-00101-01 on September 7, 2023. At the initial appearance, the Government moved for detention under 18 U.S.C § 3142(f)(2)(B), which provides that a hearing *shall be held* upon motion of the attorney for the Government in a case that involves a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror. 18 U.S.C § 3142(f)(2)(B) (emphasis added). However, the Government submits that the Magistrate Judge "found that the Government did not have a basis for a detention hearing under 18 U.S.C. § 3142(f)(2)." [2], pg. 2. To date, no order has been entered in cause number 6:23-mj-00101-01 regarding the Magistrate Judge's denial of the Government's request for detention.

Although no order has been filed, the Government filed the instant Emergency Motion [2] for review of release order pursuant to 18 U.S.C. § 3145(a)(1) this same day.

## II. ANALYSIS

The Government moves this Court to stay the Magistrate Judge's release of Justin Jubert pursuant to 18 U.S.C. § 3145(a)(1). In relevant part, the statute states:

> (a) Review of a release order.—If a person is ordered released by a magistrate judge, or by a person other than a judge of the court having original jurisdiction over the offense and other than Federal appellate court—

> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release; and
>
> (2) the person may file, with the court having original jurisdiction over the offense, a motion for amendments of release.

> The motion shall be determined promptly.

18 U.S.C. § 3145(a). "By its plain language, the statute authorizes a district judge to review a magistrate judge's release order." *United States v. Salazar-Andujo*, 599 F. Supp. 3d 491, 493 (W.D. Tex. 2022). And the Fifth Circuit has held that while Section 3145 "does not expressly authorize a stay . . . the absence of stay authority could render the district court's review power illusory." *United States v. Brigham*, 569 F.3d 220, 230 (5th Cir. 2009) (collecting cases staying release orders). Accordingly, "a district judge in the jurisdiction where the offense took place would have the authority to issue a stay of a release order, even if the release order was issued by a magistrate judge in a different jurisdiction." *Salazar-Andujo*, 599 F. Supp. 3d at 493 (citing *United States v. Vega*, 438 F.3d 801, 803 (7th Cir. 2006) (noting that the language of section 3145 should be read as limiting "review to the court where charges are pending")). Having determined that this Court has the authority to review the Magistrate Judge's ruling and issue a stay, the Court must determine whether a stay is warranted.

A stay of a release order can only be issued if the Government shows either "a likelihood of success on the merits" or can at least "'demonstrate a substantial case on the merits' and [ ] other factors militate against release." *Woodfox v. Cain*, 305 F. App'x 179, 181 (5th Cir. 2008) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 778, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987)). Other factors include: (1) "whether the applicant will be irreparably injured absent a stay"; (2) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (3)

3

"where the public interest lies." *Woodfox*, 305 F. App'x at 181. These factors are non-exclusive, and consideration of whether a defendant poses a risk to the community is explicitly permitted. *Id.* As discussed below, the Court finds that a stay of the Magistrate Judge's release order is proper because (1) the Government has shown "a likelihood of success on the merits" that a detention hearing is warranted and because, in the alternative, (2) the Government can "demonstrate a substantial case on the merits" and that "other factors militate against release."

1. **Likelihood of success on the merits**

Pursuant to 18 U.S.C. § 3142(f)(2)(B), "[t]he judicial officer *shall* hold a hearing to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community . . . upon motion of the attorney for the Government" that involves a case where the defendant is a serious risk to threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness. 18 U.S.C. 3142(f)(2)(B) (emphasis added).

The Government represents in its Motion that its attorney moved for detention pursuant to this provision, but a detention hearing was not held. "When the district court . . . acts on a motion to revoke or amend a magistrate's pretrial detention order, the court acts de novo and makes an independent determination of the proper pretrial detention or conditions for release." *United States v. Fortna*, 769 F.2d 243, 249 (5th Cir. 1985) (citation omitted). Reviewing the record of the magistrate proceedings is appropriate in determining the basis for the magistrate judge's conclusion. *United States v. Faulkner*, No. 2010 WL 1541355, at *1 n.2 (N.D. Tex. Apr. 19, 2010); *see also United States v. York*, 2009 WL 1766798, at *1 (N.D. Miss. Jun. 22, 2009). However, "[n]o deference is to be given to the magistrate's decision." *United States v. Farguson*, 721 F. Supp. 128,

4

129 n.1 (N.D. Tex. 1989). In this case, the Government submits that the Magistrate Judge denied the Government's motion for detention without considering any evidence.

Because the plain language of the statute states that a hearing should have been held upon the motion of the Government's attorney, the Court finds that the Government has shown "a likelihood of success on the merits" that a detention hearing is warranted.

### 2. Demonstrate a substantial case on the merits and other factors militate against release

Whether the Government is able to demonstrate a substantial case on the merits "requires the Court to look at the factors that, if shown, would authorize detention pending trial." *Salazar-Andujo*, 599 F. Supp. 3d at 496. Detention is only warranted when a court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making a detention determination under Section 3141, the Court considers the "nature and circumstances of the offense charged," "the weight of the evidence against" Jubert, Jubert's "history and characteristics," and whether Jubert poses "a serious risk that he will threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." 18 U.S.C. § 3142. Considering these factors, the Court finds that the Government has demonstrated a substantial case on the merits and that other factors militate against release.

As set forth in the complaint, the nature and circumstances of the offense *charged* involve threats on social media made with the intent to kill, injure, harass, intimidate another person. The complaint includes multiple screenshots and evidence depicting such behavior over the course of several months. His alleged actions included sharing pictures of the victim's family; direct threats

and knowledge of where the victim's children would be; and creating different Facebook accounts, all created to share posts of the victim's or to write things directed to the victim and his family.

The weight of the evidence against Jubert includes an August 23, 2023, Facebook post by Jubert where he allegedly posted an image of the victim, the victim's wife, and their two children with a caption which read "Now I have a pic of the family, PERFECT…tonight I was really thinking of taking up serial killing as a hobby, hope I keep taking my Bipolar 1 meds." Another such example is Jubert's alleged post regarding the victim, "this POS got his coming, hope his family is not effected for his short comings." And again, the complaint alleges that Jubert told the victim on social media, "dont ever stop looking around ur back POS!!!!!!!!!!!!!!!"

The complaint also reveals that Jubert has a criminal history, including criminal trespass, illegal carrying of weapons, and terrorizing. In light of the information presented, the Government is likely to be successful in showing that Jubert poses "a serious risk that he will threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness." 18 U.S.C. § 3142.

In addition to finding that the Government is able to demonstrate a substantial case on the merits, the Court finds that other factors also weigh in favor of granting a stay of the release order. While Jubert has an interest in release, and a presumption supporting his release, the public also has an interest in reducing potential danger to the community. *See* 18 U.S.C. § 3142. For these reasons, a stay of the Magistrate Judge's release order is warranted.

## III. CONCLUSION

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Government's Emergency Motion [2] for review of release order pursuant to 18 U.S.C. § 3145(a)(1) is GRANTED.

**IT IS FURTHER ORDERED AND ADJUDGED** that the release order issued in the Western District of Louisiana in cause number 6:23-mj-00101-01 on September 7, 2023, is STAYED pending this Court's review.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant Justin Jubert remain in the custody of the United States Marshals Service pending a detention hearing.

**IT IS FURTHER ORDERED AND ADJUDGED** that a copy of the transcript or recording of the proceedings before the United States Magistrate Judge Carol B. Whitehurst in the Western District of Louisiana on September 7, 2023, in cause number 6:23-mj-00101-01 be filed in the Southern District of Mississippi under cause number 1:23-cr-104-TBM by the Government by September 12, 2023.

This, the 7th day of September, 2023.

                                        **TAYLOR B. McNEEL**
                                        **UNITED STATES DISTRICT JUDGE**